IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REGINALD DONELL RICE, JR.,          §
TDCJ No. 2033891,                        §
                                                §
            Petitioner,                       §
                                                §
V.                                              §          No. 3:23-cv-2483-N-BN
                                                §
DIRECTOR, TDCJ-CID,                     §
                                                §
            Respondent.                       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Reginald Donell Rice was convicted

of two charges of aggravated assault with a deadly weapon and
sentenced [ ] to 70 years' imprisonment. *State v. Rice*, Nos. F-1476788 &
F-1476789 (265th Jud. Dist. Ct., Dallas Cnty., Oct. 30, 2015), *aff'd*, Nos.
05-15-01427-CR & 05-15-01428-CR, 2017 WL 359755 (Tex. App. –
Dallas Jan 19, 2017, pet. ref'd.). Rice unsuccessfully challenged his
convictions in state and federal habeas proceedings. *See Rice v. Director*,
No. 3:18-CV-01740-S (BT), 2020 WL 8225006, at *1 (N.D. Tex. Nov. 19,
2020), *R. & R. adopted*, 2021 WL 200520 (N.D. Tex. Jan. 19, 2021)
(denying and dismissing federal petition), *certificate of appealability
denied*, No. 21-10164 (5th Cir. Nov. 12, 2021).

*Rice v. Dir., TDCJ-CID*, No. 3:22-cv-522-C-BK, 2022 WL 1631988, at *1 (N.D. Tex.

Apr. 6, 2022), *rec. adopted*, 2022 WL 1624806 (N.D. Tex. May 23, 2022) (dismissing

successive habeas petition for lack of jurisdiction).

Rice now returns to federal district court to again attack his 2015 state

convictions under 28 U.S.C. § 2254, appearing to raise claims related to DNA testing.

*See* Dkt. Nos. 1 & 2. And Chief United States District Judge David C. Godbey referred

this Section 2254 petition to the undersigned United States magistrate judge for

pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Because Rice previously exercised his one opportunity to seek relief under Section 2254 as to these state convictions, the undersigned enters these findings of fact, conclusions of law, and recommendation that, as Rice's current Section 2254 petition is unauthorized as successive, the Court should dismiss the application without prejudice under the circumstances here.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Rice previously exercised his "one fair opportunity to seek federal habeas relief from [these] conviction[s]," *Banister*, 140 S. Ct. at 1702, and his current claims allege

defects in the state convictions that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Rice when he filed an initial Section 2254 application, *Leal Garcia*, 573 F.3d at 222. *Accord In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam).

Rice therefore presents claims that are successive.

And his failure to first obtain authorization from the court of appeals under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the habeas application. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)); *see also In re Perry*, 764 F. App'x 442, 442 (5th Cir. 2019) (per curiam) ("A motion for DNA testing that attacks the underlying conviction is properly treated as a motion for leave to file a successive § 2254 application," requiring "a prima facie showing that the claim satisfies § 2244(b)." (citing *Kutzner v. Cockrell*, 303 F.3d 333, 337 (5th Cir. 2002); *Felker v. Turpin*, 518 U.S. 651, 657 (1996); 28 U.S.C. § 2244(b)(3)(C))).

The Court could cure this want of jurisdiction by transferring this application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, considering Rice's established record of successive petitions as to these convictions, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 &

3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss the *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 13, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE