IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DONELL RICE, JR., § | | |
| TDCJ No. 2033891, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:23-cv-2483-N-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In 2015, a jury in Dallas County, Texas convicted Reginal Donnell Rice of two charges of aggravated assault with a deadly weapon. Since then, Rice has challenged his convictions in state and federal courts numerous times. *See, e.g., Rice v. Dir., TDCJ-CID*, No. 3:22-cv-522-C-BK, 2022 WL 1631988, at *1 (N.D. Tex. Apr. 6, 2022) (setting out the procedural background), *rec. adopted*, 2022 WL 1624806 (N.D. Tex. May 23, 2022) (dismissing successive habeas petition for lack of jurisdiction).

Earlier this year, Rice moved in the United States Court of Appeals for the Fifth Circuit for an order authorizing the district court to consider a successive 28 U.S.C. § 2254 habeas application. *See In re Rice*, No. 23-10801 (5th Cir. Aug. 23, 2023) (unpublished ord.) [Dkt. No. 2 at 3-4]; 28 U.S.C. § 2244(b)(3).

The Fifth Circuit liberally construed Rice's authorization motion as raising two challenges: (1) to his underlying conviction and (2) "that the state court violated his due process rights by denying his request for postconviction DNA testing," but the Court of Appeals declined to authorize both challenges – the first because Rice failed

to make the required showing and the second as unnecessary, "[g]iven that this claim was not previously available" and is therefore "not successive." Dkt. No. 2 at 3-4.

Rice now raises the challenge to the state court's denying his request for postconviction DNA testing in a Section 2254 application. *See* Dkt. Nos. 1 & 2.

Chief United States District Judge David C. Godbey referred the application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons set out below, the Court should dismiss this federal habeas challenge with prejudice under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4").

## Applicable Background

> Under Chapter 64 of the Texas Code of Criminal Procedure, a convicted person may request the convicting court to order post-conviction DNA testing of evidence that was collected in relation to the offense and was in the State's possession during the trial of the offense but was not previously subjected to DNA testing. *Id.* art. 64.01(a-1), (b)(1). To be entitled to such testing, the trial court must find that (1) the evidence still exists and is in a condition making DNA testing possible; (2) the evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or materially altered; (3) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and (4) the perpetrator's identity was or is an issue in the case. *Id.* art. 64.03(a)(1); *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). The trial court must also find that the convicted person established by a preponderance of the evidence that (1) he would not have been convicted if exculpatory DNA test results had been obtained; and (2) he is not requesting the testing to unreasonably delay the execution of his sentence or the administration of justice. *See* TEX. CODE CRIM. PROC. art. 64.03(a)(2); *Gutierrez*, 337 S.W.3d at 889.

*Rice v. State*, Nos. 05-22-00135-CR & 05-22-00136-CR, 2023 WL 128392, at *2 (Tex.

App. – Dallas Jan. 9, 2023, no pet.) (cleaned up).

As to his convictions, Rice sought postconviction DNA testing in both cases in May 2020 but

> did not identify in his motion the evidence he wanted tested, and he offered only the following explanation as to how he would not have been convicted had exculpatory DNA test results been obtained: "This evidence would exclude a person from the group of persons who could have committed this offense."
> The trial court directed the State to file a response. The State opposed Rice's motion, arguing that he had not met the requirements for Chapter 64 testing. The State's response indicated that the following evidence was in the possession of the Dallas Police Department: a GSR kit, a gun box containing a gun and magazine, cartridges, fired cartridge cases and bullets, two sheets with blood, two shirts with blood, a towel with blood, and a brown hoodie jacket. There was no indication that biological material had ever been collected from these items for testing or storage for later testing.
> The trial court denied Rice's motion, finding that Rice failed to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing.

*Id.* at *1-*2 (cleaned up).

And the state court of appeals affirmed, finding that the trial court did not err in denying Rice's motion. *See id.* at *2-*4.

## Discussion

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to

examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" (citation omitted)).

While the undersigned finds that there is no need for a response here, these findings, conclusions, and recommendation provide Rice notice that this petition is subject to summary dismissal, and the opportunity to file objections (as further explained below) provides him the ability to explain why it should not be summarily dismissed.

To the extent that Rice challenges the denial of postconviction DNA testing under Section 2254, his reliance on the federal habeas statute is misplaced.

That is, "the principle that the only action available to a prisoner to challenge any aspect of his conviction or sentence was the habeas process under 28 U.S.C. § 2254 and related statutes" "[a]rguably no longer applies in cases … that do not directly challenge the conviction but instead challenge something that does not 'necessarily imply the unlawfulness of the State's custody.'" *Tamayo v. Perry*, 553 F. App'x 395, 400 (5th Cir. 2014) (per curiam) (quoting *Skinner v. Switzer*, 562 U.S. 521, 525 (2011)).

> In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), we comprehensively surveyed this Court's decisions on the respective provinces of 42 U.S.C. § 1983 civil rights actions and § 2254 federal habeas petitions. Habeas is the exclusive remedy, we reaffirmed, for the prisoner who seeks "immediate or speedier release" from confinement. *Id.* at 82. Where the prisoner's claim would not "necessarily spell speedier release," however, suit may be brought under § 1983. *Id.* Adhering to our opinion in *Dotson*, we hold that a postconviction claim for DNA testing is properly pursued

> in a § 1983 action. Success in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive. In no event will a judgment that simply orders DNA tests "necessarily impl[y] the unlawfulness of the State's custody." *Id.* at 81. We note, however, that the Court's decision in *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009), severely limits the federal action a state prisoner may bring for DNA testing. *Osborne* rejected the extension of substantive due process to this area, 557 U.S. at 72, and left slim room for the prisoner to show that the governing state law denies him procedural due process, *see id.* at 71.

*Skinner*, 562 U.S. at 525 (cleaned up); *see also In re Gentras*, 666 F.3d 910, 911 (5th 2012) (per curiam) ("Infirmities in state postconviction proceedings are not grounds for relief under § 2254. Thus, none of Gentras's proposed challenges to the Louisiana courts' procedures for addressing postconviction petitions states a claim that is cognizable on federal habeas review." (citation omitted)).

The only issue before the Court in this habeas action is the denial of DNA testing by the state court.

That is because the Fifth Circuit did not authorize Rice to launch a successive challenge to his confinement, so the district court lacks jurisdiction over such a claim.

And, for the reasons set out above, the federal habeas claim over which the Court has jurisdiction – Rice's challenge to his failure to obtain postconviction DNA testing – is only cognizable under Section 1983, *see, e.g.*, *Johnson v. Hawk*, No. 3:16-cv-2438-M-BN, 2016 WL 7429480 (N.D. Tex. Nov. 28, 2016) (examining a Section 1983 claim by a Texas prisoner based on the denial of postconviction DNA testing), *rec. accepted*, 2017 WL 1155853 (N.D. Tex. Mar. 27, 2017), so this Section 2254 claim should be summarily dismissed under Habeas Rule 4. *Cf. Aekins v. Davis*, 1-16-CV-01149-LY, 2018 WL 9866494, at *13 (W.D. Tex. Mar. 27, 2018) (further finding that

the petitioner could not prove a violation of Section 2254 where "[t]he state court's denial of relief was not contrary to federal law because there is no 'clearly established federal law' entitling a habeas petitioner to discovery, through any method, of DNA evidence"), *rec. adopted*, 2018 WL 9868578 (W.D. Tex. Aug. 23, 2018); *Resendez v. Lumpkin*, No. 7:22-CV-45, 2023 WL 2412919, *8 (S.D. Tex. Feb. 2, 2023) ("Stated another way, Petitioner's free-standing motion for forensic DNA testing is not 'contrary to,' nor does it involve 'an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" (quoting 28 U.S.C. § 2254(d)(1), (2); citation omitted)), *rec. adopted*, 2023 WL 2403803 (S.D. Tex. Mar. 8, 2023).

## Recommendation

The Court should summarily dismiss the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 20, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE